UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARBOR BEVERAGE
COMPANY, INC.,

        Plaintiff,

                              Case No. 14-cv-12907
v.                             HON. GERSHWIN A. DRAIN

PHILLIPS FARMS, LLC *d/b/a*
MICHAEL DAVID WINERY,

        Defendant.
_____/

## OPINION AND ORDER DENYING MDW'S MOTION FOR LEAVE TO FILE OR ALTERNATIVELY CONSIDER REPLY TO PLAINTIFF'S SUR-REPLY BRIEF [#21]

      Presently before this Court is Defendant's Motion for Leave to File or to Alternatively Consider Reply to Plaintiff's Sur-reply Brief [#21], filed on January 27, 2015. On January 22, 2015, this Court entered an order granting Plaintiff's motion to file a sur-reply. Defendant now files this motion contending that it will be prejudiced without the opportunity to reply to Plaintiff's sur-reply.

      A court may exercise its discretionary authority when a party that is moving for leave to file a sur-reply demonstrates that the opposing party has presented new arguments or new evidence in the reply to which it seeks to respond. *See Engineering & Mfg. Servs., Inc. v. Ashton*, 387 Fed.Appx. 575, 581 (6th Cir. 2010). Upon review of Defendant's immediate motion, the Court finds that Defendant's proposed sur-reply is a motion to clarify positions already posed and argued by both parties; Defendant's proposed reply does not address any new arguments, as no new arguments were put forth in Plaintiff's sur-reply. *See Vision IT Servs., Inc.*

1

*v. Mayorkas*, No. 11-11170, 2011 WL 4695619, at *4 (E.D. Mich. Oct. 6, 2011) (finding that the proposed sur-reply was, in fact, a motion to amend the complaint and did not address new arguments or evidence). In addition, as the moving party to the underlying motion at issue here, the Court finds that the Defendant has been offered a meaningful opportunity to be heard. *See Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 549-50 (6th Cir. 2014).

Lastly, the Court has also considered the risk of the parties submitting a cascading flow of motions for leave to file sur-replies. In determining whether to apply its discretionary authority to grant the immediate motion, the Court has found that this risk of creating inefficiency and delay in the administration of this matter would be great. Likewise, the Sixth Circuit has reiterated the clear boundaries that exist in granting a motion to consider a sur-reply, mentioned above, which readily apply to the circumstances presented here. *See Engineering & Mfg. Servs., Inc.*, 387 Fed.Appx. at 581.

As a final matter, the Court advises the Parties to review this District's Civility Principles. *See generally*, Eastern District of Michigan Civility Principles, Preamble, *available at* https://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf ("Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently."). The Court also hereby advises the parties to adhere to those Principles moving forward.

For these reasons stated above, Defendant's Motion for Leave to File or Alternatively Consider Reply to Plaintiff's Sur-reply Brief [#21] is DENIED.

IT IS SO ORDERED.

Dated: February 4, 2015

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE